### UNITED STATES v. HOBBS.

### SAME v. MALOY.

#### (District Court, S. D. Florida. February 2, 1923.)

#### Nos. 99, 100.

Indictment and information ⊜⇒119—Allegation of other immoral purpose in indictment for transportation of a woman is surplusage.

In an indictment for transporting in interstate commerce a woman for the purpose of prostitution and debauchery, prohibited by the statute, the addition of the words "and other immoral purposes" is surplusage, and does not make the indictment bad.

Ernest Hobbs and Marion Maloy were separately indicted for transporting a woman in interstate commerce for immoral purposes, and each demurs to the indictment against him. Demurrer overruled in each case.

W. M. Gober, of Tampa, Fla., U. S. Atty., and Maynard Ramsey, of Jacksonville, Fla., Asst. U. S. Atty.

Anderson & Anderson, of Ocala, Fla., for defendants.

CALL, District Judge. The indictments in these cases charge that the defendants in each case transported a woman in interstate commerce for "the purpose of prostitution and debauchery 'and other immoral purposes,'" and with intent and purpose "to induce, entice and compel the said woman to become a prostitute and to give herself up to debauchery 'and to engage in other immoral practices.'" The defendant in each case challenged the indictment, on the ground that the use of the words "other immoral purposes" makes the indictment defective.

The indictment states an offense under the statute, in stating the purpose of the interstate traveling for the purpose of prostitution and debauchery. The addition of the words "other immoral purposes" is surplusage, and will not make the indictment bad. No proof could be offered of any immoral purpose, except such as are specifically mentioned, to wit, prostitution and debauchery.

The demurrer will therefore be overruled in each of the above cases.

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes